J-S16010-16, J-S16011-16, J-S16012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SILIS WELLS | |
| Appellant | No. 489 EDA 2015 |

Appeal from the Judgment of Sentence July 6, 2011
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005391-2011

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SILIS WELLS | |
| Appellant | No. 490 EDA 2015 |

Appeal from the Judgment of Sentence July 6, 2011
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005393-2011

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SILIS WELLS | |
| Appellant | No. 491 EDA 2015 |

Appeal from the Judgment of Sentence July 6, 2011

J-S16010-16, J-S16011-16, J-S16012-16

In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005639-2011

BEFORE:  OTT, J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED FEBRUARY 23, 2016**

Appellant Silis Wells appeals from the July 6, 2011 judgment of sentence entered at three separate docket numbers[1] in the Philadelphia County Court of Common Pleas following his guilty plea to four counts of robbery, one count of aggravated assault, one count of conspiracy, three counts of persons not to possess firearms, and one count of firearms not to be carried without a license.[2]  Because we find the sentence imposed of 50 to 100 years' incarceration followed by 54 years' probation was manifestly unreasonable, we vacate the judgments of sentence and remand to the trial court for resentencing.

On February 15, 2011, Appellant and his co-defendant were squatting in a house near the 67th Street Café, a bar in Philadelphia.  Opinion, filed Mar. 12, 2015, at 1 ("1925(a) Opinion").  Appellant and his co-defendant entered the bar with a firearm,[3] and robbed the bar's occupants – one or

_____

[1] We have consolidated the three Superior Court cases on appeal.

[2] 18 Pa.C.S. §§ 3701(a)(1)(ii), 2702(a), 903, 6105(a)(1), and 6106(a)(1), respectively.

[3] Appellant's co-defendant had stolen the firearm during a previous house burglary.

- 2 -

two patrons and a 70-year old bartender. *Id.*; N.T., 9/14/2011, at 4; N.T., 11/17/2011, at 9. Appellant and co-defendant left the bar with $1,500.00 in cash. N.T., 9/14/2011, at 4.[4]

On March 8, 2011, Appellant was in a fight with at least two other males outside Danny D's Bar on 67th Street and Buist Street in Philadelphia, during which he discharged a firearm. 1925(a) Opinion at 2.[5] Two men were transported to a hospital and received treatment for hand injuries. *Id.* Neither man suffered injuries from a gunshot wound. *Id.*[6]

On March 9, 2011, Appellant and his co-defendant again robbed the 67th Street Café. 1925(a) Opinion at 2. They pointed a gun at the bartender, took $500.00 from the bar, and took the bartender's cell phone and wallet. *Id.*, N.T., 9/14/2011, at 6; N.T., 11/17/2011, at 8-10. The

---

[4] On March 10, 2011, Appellant was charged with two counts of robbery, one count of persons not to possess firearms, and related charges at docket number CP-51-CR-0005391-2011.

[5] At sentencing, the Commonwealth stated Appellant shot at two people, and the trial court's 1925(a) opinion states Appellant was in a fight with two people. N.T., 9/14/2011, at 4; 1925(a) Opinion at 2. Appellant claims there were 8-10 people involved in the fight. N.T., 9/14/2011, at 16-17. At the hearing addressing Appellant's motion for reconsideration, the Commonwealth stated: "It's on video, it doesn't look like he's firing directly at the crowd of people, but he's pointing it towards them, but it looks like the shot is angled upward." N.T., 11/14/2011, at 10-11.

[6] On April 6, 2011, Appellant was charged with aggravated assault, persons not to possess firearms, firearms not to be carried without a license, and related charges at docket No. CP-51-CR-0005639-2011.

bartender and one or two patrons were in the bar at the time. 1925(a) Opinion at 2.[7]

On July 6, 2011, Appellant entered a guilty plea in all three cases. For the February 15, 2011 robbery, Appellant pled guilty to two counts of robbery and one count of persons not to possess firearms. For the March 8, 2011 assault, Appellant pled guilty to one count each of aggravated assault, persons not to possess firearms, and firearms not to be carried without a license. For the March 9, 2011 robbery, Appellant pled guilty to two counts of robbery and one count each of conspiracy and persons not to possess firearms.

On September 14, 2011, the trial court sentenced Appellant at the three dockets.

At docket number CP-51-CR-0005391-2011, for the February 15, 2011 robbery, the trial court imposed 10 to 20 years' incarceration for each of the two robbery convictions and 10 years' probation for the persons not to possess firearms conviction.

At docket number CP-51-CR-0005639-2011, for the March 8, 2011 assault, the trial court sentenced Appellant to 10 to 20 years' incarceration for the aggravated assault conviction, 10 years' probation for the persons

_____

[7] On March 10, 2011, Appellant was charged with two counts of robbery, one count of conspiracy, one count of persons not to possess firearms, and related charges, at docket No. CP-51-CR-005393-2011.

not to possess firearms conviction, and 7 years' probation for the firearms not to be carried without a license conviction.[8]

At docket number CP-51-CR-005393-2011, for the March 9, 2011 robbery, the trial court sentenced Appellant to 10 to 20 years' for each of the two robbery convictions, 7 years' probation for the persons not to possess firearms conviction, and 20 years' probation for the conspiracy conviction.

All sentences were imposed consecutively, resulting in an aggregate sentence of 50 to 100 years' incarceration, followed by 54 years' probation.

Appellant filed a motion to reconsider the sentence, which the trial court denied on November 17, 2011. On December 16, 2011, Appellant filed a timely notice of appeal. On July 29, 2013, this Court affirmed the judgment of sentence, finding Appellant waived his sentencing claim because he failed to include a copy of the sentencing hearing transcript in the certified record. *Commonwealth v. Wells*, No. 15 EDA 2012, 17 EDA 2012, 18 EDA 2012, (Pa.Super. filed July 29, 2013). On June 6, 2014, Appellant filed a timely petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546. The trial court conducted a hearing, during which

---

[8] For the convictions at CP-51-CR-005639, the order signed on September 14, 2011, is entitled "Negotiated Guilty Plea." We do not have a transcript of the July 6, 2011 guilty plea to determine whether the guilty plea entered at this docket was negotiated or open. The sentencing hearing transcript does not mention that any docket contained a negotiated plea.

trial counsel alleged his own ineffectiveness for failing to order a transcript. 1925(a) Opinion at 3. The PCRA court appointed new counsel and reinstated Appellant's direct appeal rights *nunc pro tunc*. On January 15, 2015, Appellant filed a notice of appeal. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issue for our review:

> Whether the trial court abused its discretion when it sentenced Appellant to an aggregate sentence of [50-100] years' incarceration, plus [54] years' probation?

Appellant's Brief at 4.[9] Appellant's issue challenges the discretionary aspects of his sentence.[10]

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super.2011) (citing *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa.Super.2000)). Before this Court can address a discretionary challenge, we must engage in a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary

---

[9] Appellant's question presented uses the aggregate sentence as stated by the trial court at sentencing, 40 to 80 years' incarceration followed by 57 years' probation. Appellant's Brief at 4. As noted later in Appellant's Brief, however, the aggregate of the sentences imposed is actually 50 to 100 year's incarceration followed by 54 years' probation.

[10] The Commonwealth did not file a responsive brief.

aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super.2013) (quoting *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super.2006)); *see also Allen*, 24 A.3d at 1064.

Appellant raised his discretionary aspect of sentence issue in a timely post-sentence motion, filed a timely notice of appeal, and included a statement of reasons relied upon for allowance of appeal pursuant to Rule 2119(f) in his brief. We must, therefore, determine whether his issue presents a substantial question and, if so, review the merits.

"The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa.Super.2011) (quoting *Commonwealth v. Fiascki*, 886 A.2d 261, 263 (Pa.Super.2005)). A substantial question exists where a defendant raises a "plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa.Super.2013) (quoting *Commonwealth v. Naranjo*, 53 A.3d 66, 72 (Pa.Super.2012)).

Appellant maintains the trial court abused its discretion when it sentenced Appellant to 50 to 100 years' incarceration followed by 54 years' probation. Appellant's Brief at 6. He maintains the sentence was excessive and manifestly unreasonable. *Id.* at 7-8. He further maintains the trial

court failed to take into consideration Appellant's background and youth, that Appellant took responsibility for his actions, and Appellant's potential for rehabilitation. *Id.* Appellant's excessiveness claim, particularly when coupled with his claim the court failed to take into consideration mitigating factors, raises a substantial question. *See Commonwealth v. Samuel*, 102 A.3d 1001, 1007 (Pa.Super.2014) (appellant raised substantial question when he alleged sentence was excessive and court failed to consider mitigating circumstances); *Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa.Super.2013) ("[A] defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question"); *Commonwealth v. Kelly*, 33 A.3d 638, 640 (Pa.Super.2011) ("A claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question.").

"Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa.Super.2010) (citing *Commonwealth v. Johnson*, 967 A.2d 1001 (Pa.Super.2009)). "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of

support so as to be clearly erroneous." *Id.* (citing *Commonwealth v. Walls*, 926 A.2d 957 (Pa.2007)).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant." *Commonwealth v. Coulverson*, 34 A.3d 135, 144 (Pa.Super.2011) (quoting *Commonwealth v. Fullin*, 892 A.2d 843, 847–48 (Pa.Super.2006)). The trial court must also consider the sentencing guidelines. *Id.* Further, when a trial court chooses to depart from the guidelines, it must demonstrate on the record its awareness of the guidelines and must provide a contemporaneous written statement of the specific reason or reasons for the deviation from the guidelines. *Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa.Super.2008).

The General Assembly has set forth four factors that an appellate court is to consider when determining whether a sentence is unreasonable:

> **(d) Review of record.**—In reviewing the record the appellate court shall have regard for:
>
> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the Commission.

42 Pa.C.S. § 9781(d); *accord Commonwealth v. Walls*, 926 A.2d 957, 963, (Pa.2007).

- 9 -

The Supreme Court of Pennsylvania has explained the term "unreasonable" in terms of sentencing as follows:

> [W]hat makes a sentence "unreasonable" is not defined in the statute. Generally speaking, "unreasonable" commonly connotes a decision that is "irrational" or "not guided by sound judgment." The Random House Dictionary of the English Language, 2084 (2nd ed.1987); *see* 1 Pa.C.S. § 1903 (words to be construed according to their common and approved usage). While a general understanding of unreasonableness is helpful, in this context, it is apparent that the General Assembly has intended the concept of unreasonableness to be a fluid one, as exemplified by the four factors set forth in Section 9781(d) to be considered in making this determination. Indeed, based upon the very factors set out in Section 9781(d), it is clear that the General Assembly intended the concept of unreasonableness to be inherently a circumstance-dependent concept that is flexible in understanding and lacking precise definition. **Cf. United States v. Crosby**, 397 F.3d 103, 115 (2nd Cir.2005) (explaining concept or reasonableness in context of sentencing matters).

**Walls**, 926 A.2d at 963. Further, the Supreme Court has stated that although "a sentence may be found to be unreasonable after review of Section 9781(d)'s four statutory factors, in addition a sentence may also be unreasonable if the appellate court finds that the sentence was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing found in Section 9721, i.e., the protection of the public; the gravity of the offense in relation to the impact on the victim and the community; and the rehabilitative needs of the defendant." **Id.** (citing 42 Pa.C.S. § 9721(b)). It further noted that

"rejection of a sentencing court's imposition of sentence on unreasonableness grounds would occur infrequently." *Id.*

Here, Appellant robbed the same bar twice and discharged a firearm during an argument. No one was injured during the robberies, and no one was injured by the gun during the argument.

The trial court possessed a presentence report. At the sentencing hearing, the Commonwealth requested that the trial court sentence Appellant to 25 to 50 years' incarceration. N.T., 9/14/2011, at 12. For the robbery convictions, possession of a firearms convictions, and conspiracy conviction, the sentencing guideline range was 60 to 72 months, plus or minus 12 months, imprisonment. 1925(a) Opinion at 6-7. For the firearms not to be carried without a license conviction, the sentencing guideline range was 48 to 60 months, plus or minus 12 months, imprisonment. *Id.* at 7. For the aggravated assault conviction, the sentencing guideline range was 72 to 90 months, plus or minus 12 months, imprisonment. *Id.*[11]

At the sentencing hearing, the Commonwealth described the facts. N.T., 9/14/2011, at 4-13. The Commonwealth also noted that Appellant admitted to the crimes and informed the investigators that he had been unemployed since 2009 and his source of income was robbing people and

---

[11] At the sentencing hearing, the Commonwealth stated Appellant had a prior record score of 4; at the hearing on the motion for reconsideration, however, Appellant's counsel states his prior record score was 5. N.T., 9/14/2011, at 10; N.T., 11/17/2011, at 4.

selling drugs. *Id.* at 12. Appellant challenged the Commonwealth's claim that the bartender said it was Appellant who robbed the bar, because, at the preliminary hearing, the bartender had said that the individuals who robbed the bar wore masks. *Id.* at 7-8. The Commonwealth and the trial court clarified that the bartender informed the Commonwealth on the telephone the night prior to the sentencing that it was Appellant who robbed the bar. *Id.* at 8.[12] Appellant also stated he wanted to withdraw his guilty plea. Appellant claimed he was fighting 8-10 people when he discharged his firearm, and stated the Commonwealth made "it seem like I come out of the bar shooting at people. I got 10 people kicking me and punching me." *Id.* at 18. Appellant also disputed the Commonwealth's characterization that he "terrorized" three blocks. *Id.* The following exchange then occurred between Appellant and the trial court:

> THE COURT: -- you know, when I'm out on the street, people curse at me and swear at me and they blow the horn and they make me get over, say I'm driving too slow.
>
> [APPELLANT]: People curse at me too.
>
> THE COURT: I know. I don't get mad. I just – I learn to duck sometimes. I just duck.
>
> [APPELLANT]: Your Honor --
>
> THE COURT: -- I learn to duck in my life.

---

[12] Appellant also clarified, and the trial court and Commonwealth agreed, that Appellant was not involved in the theft of the firearm. N.T., 9/14/2011, at 14-15.

[APPELLANT]: -- if you look at the video, I let them punch on me – I let them roll on me twice before I actually defended myself.

THE COURT: The force was excessive, to fire a gun. You used too much force. You used deadly force when you were not faced with deadly force.

[APPELLANT]: Ten people on your back is not deadly force, and they all drunk, at that?

[DEFENSE COUNSEL]: You just admitted to doing everything.

[APPELLANT]: I – I mean, I know. You not even trying to be on my side. You're just a – Your Honor, yes, I plead guilty. I –

THE COURT: All right. Are you ready to proceed today?

[APPELLANT]: Yes, sir.

THE COURT: All right. Do you need any more consultation with [defense counsel]?

[DEFENSE COUNSEL]: No.

*Id.* at 19-21. The only other reasoning provided by the trial court at the sentencing hearing was that it imposed the consecutive probation because, due to "Appellant's age, he needs supervision once he's out of custody." N.T., 9/14/2011, at 22.

For the four counts of robbery and one count of aggravated assault, Appellant received five above-guideline, consecutive, sentences of 10 to twenty years, resulting in a 50 to 100 year term of imprisonment.[13]

_____

[13] The sentencing transcript indicates there was confusion as to the charges for which Appellant was being sentenced, and the trial court stated that there were three robberies, and one aggravated assault. However, there were four robberies and one aggravated assault, and the sentencing orders
*(Footnote Continued Next Page)*

- 13 -

In addition, Appellant pled guilty to three counts of persons not to possess firearms, one count of firearms not to be carried without a license, and one count of conspiracy. For these counts, he received two 10-year terms of probation and a 7-year term of probation for the persons not to possess firearms convictions, a 7-year term of probation for the firearms not to be carried without a license conviction, and a 20-year term of probation for the conspiracy conviction. This was an aggregate 54 years' probation, to run consecutive to his 50 to 100 year term of imprisonment.

At the hearing addressing Appellant's motion for reconsideration, Appellant's counsel noted Appellant suffered abuse as a child[14] and suffered from drug and alcohol abuse. Further, Appellant's counsel explained Appellant had a criminal trespass conviction from 2002 and a knowingly possessing a controlled substance conviction from 2003, and had some misdemeanor contact with the courts following those convictions. N.T., 11/17/2011, at 4. Further, the Commonwealth and Appellant's counsel clarified that Appellant was adjudicated delinquent for simple assault and

_(Footnote Continued)_ ―――――――――――――

and dockets confirm the trial court imposed consecutive 10-20 year sentences for the four robbery convictions and the aggravated assault conviction.

[14] At the hearing on the motion for reconsideration, the Commonwealth noted Appellant's mother denied the abuse, but Appellant's counsel countered that Appellant was in foster care for three years during his childhood and argued this does not usually occur absent abuse. N.T., 11/17/2011, at 16-18.

possession of narcotics as a juvenile. *Id.* at 17. The Commonwealth further noted that Appellant was convicted of assault. *Id.* At the conclusion of the hearing, the trial court stated the following:

> All right. The robbery of any establishment let alone the patrons that are in the establishment at the time of the robbery, can have a lasting effect. In this situation, we had the same bar owner, bar robbed twice, with the patrons being individually robbed at gunpoint. The purposes of sentencing is to protect the community, to punish and to rehabilitate.
>
> According to these factors, [Appellant] demonstrated such a reign of terror in Southwest Philadelphia that the only hope to provide safety and punishment was to incarcerate him because of the crime spree that he demonstrated that he was going to be involved in. Prior record and prior sentences have shown that he cannot be rehabilitated on the streets.
>
> The robbery – I went outside the guidelines, because I felt that the guidelines could not and would not apply in such a dangerous and serious situation as this. And the Defendant, accordingly to the document, facts read in the court, has demonstrated a wickedness of heart, a hardness of heart and showed that he was a threat and danger to the community and he must be controlled.
>
> Based on that, the sentence of 50 to 100 years plus [54] years of probation will stand. Motion for reconsideration denied.

N.T., 11/17/2011, at 19-20.

The trial court's 1925(a) opinion does not provide further explanation.[15] It noted that all sentences were within the statutory limits

---

[15] The court's opinion addressing the motion for reconsideration is almost identical to its 1925(a) opinion.
*(Footnote Continued Next Page)*

and the court considered the sentencing guidelines when imposing the sentence. 1925(a) Opinion at 4-5. The trial court then stated:

> While several of [Appellant's] sentences were outside the Guidelines, this [c]ourt considered the Guidelines in sentencing but found they were insufficient for the punishment that was necessary. In denying [Appellant's] motion for reconsideration, this [c]ourt clearly stated the reasons for departing upwards from the Sentencing Guidelines. This [c]ourt considered [Appellant's] prior record score and need for rehabilitation, as well as the need to protect the community. This [c]ourt was particularly troubled by the recurring nature of [Appellant's] behavior, and the fact that [Appellant] robbed the same bar twice, taking property not only from the business and its owner, but also from individual patrons, at gunpoint. N.T., 11/17/2011 at 19-20. [Appellant] demonstrated in his prior record that he cannot be rehabilitated without incarceration and that he will likely offend again unless he is incarcerated. *Id.* Therefore, because this [c]ourt explained its reasons for deviating from the Sentencing Guidelines, it did not impose an unduly harsh sentence.

1925(a) Opinion at 7.

Appellant's crimes, which consisted of robbing the same bar, and its patrons, twice and an aggravated assault, deserved a punishment of incarceration. Although the trial court attempted to provide an explanation for the imposition of an above-guideline sentence for robbery at the hearing on the motion for reconsideration, it failed to provide reasons for imposing four consecutive, above-guideline, sentences for robbery and another consecutive above-guideline sentence for aggravated assault.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

The aggregate sentence imposed of 50 to 100 years' incarceration, followed by 54 years' probation, is manifestly unreasonable. The sentence of incarceration was double the 25-50 years' incarceration requested by the Commonwealth. No one was injured during any of the incidents. Although Appellant had been adjudicated delinquent for simple assault, his past criminal history is largely non-violent. Appellant was 27 years old at the time of the sentencing hearing. He will not be released until he is, at a minimum, 77 years old. He will be on supervision until well beyond any individual's possible life span.

Even if, as the trial court claims, an above-guideline sentence was necessary, it is unclear why five, above-guideline, consecutive sentences, resulting in 50 to 100 years of incarceration, followed by an additional consecutive term of 54 years of probation, was necessary to protect the public, and rehabilitate Appellant, or how it was needed due to the gravity of the offense in relation to the impact on the victim and community. *See* ***Commonwealth v. Coulverson***, 34 A.3d 135, 139, 149-50 (Pa.Super.2011) (finding a maximum term of imprisonment of 90 years was unreasonable following a open plea of guilty to charges of rape, involuntary deviate sexual intercourse, sexual assault, aggravated indecent assault, two counts of indecent assault, robbery, unlawful restraint, and terroristic threats, false identification to law enforcement, four counts of burglary, robbery, two counts of theft, and receiving stolen property); ***Commonwealth v. Dodge***, 957 A.2d 1198, 1202 (Pa.Super.2008) (an

aggregate sentence of 58 ½ to 124 years' incarceration was unreasonable where it was comprised largely of consecutive sentences for receiving stolen costume jewelry).

Although we do not condone Appellant's conduct, we find that in light of the nature and circumstances of the offense and the history and characteristics of Appellant, the opportunity of the sentencing court to observe Appellant, including any presentence investigation, the findings upon which the sentence was based, and the guidelines promulgated by the Commission, the sentence imposed by the trial court is excessive and manifestly unreasonable. **See** 42 Pa.C.S. § 9781(d).

Judgments of sentence vacated. Cases remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/23/2016